United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS WHITEHEAD,<br>        Petitioner,<br>    v.<br>ANTHONY HEDGPETH, Warden,<br>        Respondent.<br>_____/ | No. C-12-3487 EMC (pr)<br><br>**ORDER TO SHOW CAUSE** |

## I.    INTRODUCTION

Curtis Whitehead, an inmate at Salinas Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition provides the following information: Whitehead was convicted in San Francisco County Superior Court of robbery and burglary. On an unstated date, he was sentenced to 21 years in prison.

Whitehead appealed. In 2010, the California Court of Appeal affirmed the judgment of conviction and stayed the burglary sentence. Whitehead's petition for review was denied by the California Supreme Court in 2011. He then filed this action.

///

///

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Petitioner was not mentally competent at the time of arrest and during trial; (2) Petitioner received ineffective assistance of counsel in that counsel failed to conduct reasonable discovery and pretrial investigation; and (3) Petitioner's sentence was illegally enhanced based on the use of prior convictions for non-violent offenses that occurred when he was a minor. Liberally construed, the first and third claims appear to be claims for violations of Petitioner's Fourteenth Amendment right to due process, although he did not identify the federal constitutional basis for the claims in his petition. The second claim is a cognizable claim for a violation of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance, of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). The petition warrants a response.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **September 28, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing

2

cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

    4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **October 31, 2012**.

    5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

    IT IS SO ORDERED.

Dated: July 20, 2012

_____
EDWARD M. CHEN
United States District Judge