UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS WHITEHEAD,

    Petitioner,

v.

ANTHONY HEDGPETH, Warden,

    Respondent.
_____/

No. C-12-3487 EMC (pr)

**ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER**

## I. INTRODUCTION

Curtis Whitehead, a prisoner currently at the High Desert State Prison, filed this action pursuant to 28 U.S.C. § 2254 to challenge his 2010 conviction. The matter is now before the Court for consideration of Respondent's motion to dismiss for failure to exhaust state judicial remedies and Petitioner's response thereto.

## II. BACKGROUND

Mr. Whitehead was convicted in San Francisco County Superior Court of robbery and burglary, and was found to have suffered prior convictions. On an unstated date, he was sentenced to 21 years in prison. He appealed. The California Court of Appeal affirmed the judgment of conviction and stayed the burglary sentence in 2010. The California Supreme Court denied his petition for review in 2011.

Mr. Whitehead then filed this action. His federal habeas petition asserted three claims: (1) he was not mentally competent at the time of arrest and during trial; (2) he received ineffective assistance of counsel in that counsel failed to conduct reasonable discovery and pretrial investigation; and (3) his sentence was illegally enhanced based on the use of prior convictions for

1  non-violent offenses that occurred when he was a minor. The Court found that, liberally construed,
2  all three claims were cognizable in a federal habeas action and ordered respondent to show cause
3  why the petition should not be granted.
4        Respondent moved to dismiss the federal petition on the ground that state court remedies
5  have not been exhausted for any of the three claims. Mr. Whitehead opposed the motion, stating that
6  he did exhaust state court remedies but not stating how he did so. In the opposition and
7  accompanying declaration, Mr. Whitehead requested permission to amend his petition to add two
8  new claims, both of which he claimed to have exhausted in state court.[1] Respondent did not file a
9  reply brief or otherwise oppose Mr. Whitehead's effort to amend to add the two new claims. Later,
10 Mr. Whitehead filed a traverse in which he argued for relief on his old claims, his two new claims
11 mentioned in his opposition, and other new claims first mentioned in his traverse. His actions have,
12 at the least, created confusion.

### III.  DISCUSSION

A.  Amending The Petition

      In his opposition to the motion to dismiss, Mr. Whitehead requests to amend his petition to add two claims. The request is GRANTED in part. (Docket # 10.) The first new claim is that his Fourteenth Amendment right to due process was violated because there was insufficient evidence of the fear element of robbery in that there was no evidence that the victim's fear was objectively reasonable. *See* Docket # 10-1, p. 2 and # 10-2, p. 3. This claim is cognizable in a federal habeas proceeding. This claim will be permitted to proceed. The second new claim is that the trial court erred in refusing to instruct on the lesser-included offense of theft. *See* Docket # 10-3, p. 4. This claim is dismissed because it is at most a state law error claim, and that cannot be remedied in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas review available to decide whether the conviction violated the Constitution, laws or treaties of the United States, but not to review alleged state law errors). Mr. Whitehead's petition is deemed to be

---

[1] Whitehead mixed up the pages in his opposition and declaration. Page 2 of the declaration (Docket # 11) should be page 2 of the opposition (Docket # 10), and vice versa.

1  amended to include the claim that his right to due process was violated because the evidence was
2  insufficient to support the fear element for the robbery conviction.

3      Mr. Whitehead's traverse argues additional claims that were not in the original petition. He
4  argues in his traverse that his sentence under the Three Strikes law violates his Eighth Amendment
5  right to be free from cruel and unusual punishments, *see* Docket # 15, p. 3, and that his attorney was
6  ineffective for failing to challenge the prior convictions, *see id.* at 5-6. The petition is deemed to be
7  amended to include these two new claims.[2]

8      To summarize, the petition as amended now has six claims: (1) Petitioner was not mentally
9  competent at the time of arrest and during trial, *see* Docket # 1, p. 6; (2) he received ineffective
10 assistance of counsel in that counsel failed to conduct reasonable discovery and pretrial
11 investigation, *id.*; (3) his sentence was illegally enhanced based on the use of prior convictions for
12 non-violent offenses that occurred when he was a minor, *id.*; (4) his right to due process was
13 violated because there was insufficient evidence of the fear element of robbery in that there was no
14 evidence that the victim's fear was objectively reasonable, *see* Docket # 10-1, p. 2 and # 10-2, p. 3;
15 (5) his sentence under the Three Strikes law violates his Eighth Amendment right to be free from
16 cruel and unusual punishments, *see* Docket # 15, p. 3; and (6) his attorney was ineffective for failing
17 to challenge the prior convictions, *see id.* at 5-6.

18 B.    <u>The Exhaustion Problem</u>

19     Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings
20 either the fact or length of their confinement are required first to exhaust state judicial remedies,
21 either on direct appeal or through collateral proceedings, by presenting the highest state court
22 available with a fair opportunity to rule on the merits of each and every claim they seek to raise in
23 federal court. *See* 28 U.S.C. § 2254(b), (c).

---

[2] A petitioner generally may not simply add new claims in a traverse and instead should amend his petition to add those claims so that respondent will have an opportunity to respond to them. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Here, the traverse improperly was filed prematurely and before respondent's answer was filed. Respondent therefore has not been deprived of the opportunity to respond to these claims. Respondent will have the opportunity to respond to the claims when he files his answer.

The only petition Mr. Whitehead filed in the California Supreme Court was the petition for review. *See* Motion To Dismiss, Ex. 2. This Court has compared that petition with the federal petition for writ of habeas corpus and amendments. Having compared the documents, this Court concludes that the only claim that has been exhausted is Claim 4, i.e., the claim that Mr. Whitehead's right to due process was violated because there was insufficient evidence of the fear element of robbery in that there was no evidence that the victim's fear was objectively reasonable. State court remedies have not been exhausted for any of the other five claims.

Mr. Whitehead's petition as amended contains both exhausted and unexhausted claims and therefore is a "mixed" petition. See *Rhines v. Weber*, 544 U.S. 269, 277 (2005). This Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Mr. Whitehead the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Mr. Whitehead to choose whether he wants to –

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Mr. Whitehead is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2),

dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[3] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071.

---

[3] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. (Docket # 4.) Petitioner's motion for an extension of time to file his traverse is **DISMISSED** as unnecessary because the traverse is not yet due. (Docket # 12.)

No later than **March 1, 2013**, Petitioner must file and serve a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claim, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **March 1, 2013**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted claims.

IT IS SO ORDERED.

Dated: February 4, 2013

_____
EDWARD M. CHEN
United States District Judge

6