United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS WHITEHEAD,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent.<br>_____/ | No. C-12-3487 EMC<br><br>**ORDER DENYING PETITIONER'S MOTION TO REQUEST STAY AND ABEYANCE; AND GRANTING RESPONDENT'S MOTION TO DISMISS ORIGINAL AND AMENDED CLAIMS**<br><br>**(Docket No. 18, 19, 21)** |

## I. INTRODUCTION

Petitioner Curtis Whitehead ("Petitioner") filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After Petitioner added amended claims to his petition in various filings, this Court determined that Petitioner's petition contained six claims, only one of which was exhausted. Petitioner subsequently filed the currently pending motion requesting a stay to exhaust state court remedies for unexhausted claims. Respondent opposed, and filed its own motion, arguing that the original claims should be dismissed as unexhausted and the amended claims should be dismissed as time barred. For the reasons set forth below, the Court **DENIES** Petitioner's motion to request stay and abeyance. This Court also **GRANTS** Respondent's motion to dismiss original and amended claims.

///

///

///

## II.    FACTUAL & PROCEDURAL HISTORY

Petitioner was convicted of robbery and burglary in San Francisco County Superior Court. *See* Order Granting Motion To Dismiss and Requiring Election by Petitioner ("Order"), Docket No. 17 at 1. The court found that Petitioner had three serious prior convictions, and Petitioner was sentenced to 21 years in prison under California's Three Strikes Law. *Id.* Petitioner appealed the judgment to the state appellate court, which affirmed the judgment in 2010. *Id.* Petitioner then appealed the judgment to the California Supreme Court; the Supreme Court denied Petitioner's petition for review on June 8, 2011. *See* Resp.'s Mot., Ex 3 at 3. On July 3, 2012, Petitioner filed this action pursuant to 28 U.S.C. § 2254 asserting three claims: (1) he was not mentally competent at the time of arrest and during trial; (2) he received ineffective assistance of counsel in that counsel failed to conduct reasonable discovery and pretrial investigation; and (3) his sentence was illegally enhanced based on the use of prior convictions for non-violent offenses that occurred when he was a minor. *See* Order at 1-2. Respondent then filed a motion to dismiss Petitioner's three claims for failure to exhaust state remedies.[1] *See* Docket No. 4.

In response, Petitioner requested – and was granted – an extension of time to file a response to Respondent's motion to dismiss because Salinas Detention Facility was on a lock down and Petitioner did not have access to the facility's law library. *See* Docket No. 7, ¶¶ 2-4. On September 18, 2012, Petitioner was transferred to High Desert Prison, which was also on lock down. *Id.* at ¶ 6. On November 30, 2012, Petitioner filed an opposition to Respondent's motion to dismiss, which included a request to amend his complaint with two new claims. *See* Docket No. 10, Ex 1 at 1. The two new claims asserted that: (1) his Fourteenth Amendment right to due process was violated because there was insufficient evidence on the fear element of robbery in that there was no evidence that the victim's fear was objectively reasonable; and that (2) the trial court erred in refusing to

---

[1] Prisoners in state custody who wish to present petitions in federal court are required first to exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b). This requires that petitioners give the highest state court a fair opportunity to rule on the merits of every claim they seek to raise in federal court. *Id.* at (c). Federal courts generally may not grant relief on an unexhausted claim. *Id.* at (b)(1).

2

instruct on the lesser-included offense of theft.[2] Order at 2. Respondent did not reply or oppose Petitioner's request to amend his petition with these new claims. *Id.*

On January 7, 2013, Petitioner filed a traverse alleging two more claims: that his sentence under the Three Strikes law violated his Eighth Amendment right to be free from cruel and unusual punishment, and that his attorney was ineffective for failing to challenge the use of prior convictions in his sentence. *See* Docket No. 15 at 3, 5-6.

On February 4, 2013, this Court issued an order granting Respondent's motion to dismiss. *See* Order at 6. Noting that Petitioner's irregular attempts to amend his petition had caused confusion, this Court summarized in the order Petitioner's claims as the following:

> The petition as amended now has six claims: (1) Petitioner was not mentally competent at the time of arrest and during trial; (2) he received ineffective assistance of counsel in that counsel failed to conduct reasonable discovery and pretrial investigation, (3) his sentence was illegally enhanced based on the use of prior convictions for non-violent offense that occurred when he was a minor; (4) his right to due process was violated because there was insufficient evidence of the fear element of robbery in that there was no evidence that the victim's fear was objectively reasonable; (5) his sentence under the Three Strikes law violates his Eighth Amendment right to be free from cruel and unusual punishments; and (6) his attorney was ineffective for failing to challenge the prior convictions.

*Id.* at 3 (internal citations omitted). After reviewing Petitioner's California Supreme Court petition, this Court determined that only Claim 4 (violation of due process due to insufficient evidence) was exhausted while every other claim was unexhausted, thereby making Petitioner's petition a "mixed" petition. *Id.* at 4. Since the amended claims included an exhausted claim, this Court declined to dismiss the action in its entirety and instead directed Petitioner to elect between three options:

> (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

*Id.*

---

[2] This Court later determined that Petitioner's Fourteenth Amendment claim was a cognizable claim for a federal habeas proceeding, but the latter claim of the trial court's error was not. Docket No. 17 at 2.

3

At this point, Petitioner was appointed counsel and was no longer a *pro se* petitioner. With the help of his counsel, Petitioner elected the third option and filed this motion to request stay and abeyance on March 22, 2013.[3] *See* Petitioner's Mot. at 5.

On March 28, 2013, Respondent filed an opposition to Petitioner's motion, as well as a motion to dismiss Petitioner's original and amended claims. *See* Resp.'s Mot. at 1-2. Respondent argues that Petitioner's petition must be dismissed because amended Claims 4 through 6 are time-barred by AEDPA statute of limitations. *See* Resp.'s Mot. at 1-2. Respondent also argues that Petitioner's original claims must also be dismissed since they are all unexhausted. *Id.*

## III.  DISCUSSION

A.  Statute of Limitations and Relation Back Doctrine

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a prisoner has one year from the date his state court judgment becomes final to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A) (1996). Failure to file within this one-year statute of limitations will bar federal habeas petitioners from pursuing these claims.

In this instant case, it is undisputed that Petitioner's amended claims fall outside the statute of limitations. Petitioner's ADEPA statute of limitations for his habeas petition ran on September 6, 2012.[4] Claim 4 was filed in on November 30, 2012, *see* Docket No. 10, and Claims 5 and 6 were filed on January 7, 2013. *See* Docket No. 14. Thus, Petitioner's amended claims will be time-barred if they fail to relate back to Petitioner's original claims.

More importantly, since only Claim 4 (due process violation because of insufficient evidence of fear) was exhausted, the Court focuses on whether Claim 4 relates back to the timely filed Claims 1-3 because absent a timely exhausted claim, the Petition is not a mixed petition and hence no stay

---

[3] Prior to filing the currently pending motion for stay and abeyance, Petitioner had filed a motion for extension of time in which to respond to this Court's February 4, 2013 order. Docket No. 18. This motion is **GRANTED.**

[4] The California Supreme Court denied review of Petitioner's direct appeal on June 8, 2011. *See* Resp.'s Mot. Ex 3. Petitioner had 90 days from that date to seek certiorari at the United States Supreme Court. His judgment thus became final on September 6, 2011. Under AEDPA, Petitioner had a year from that date – September 6, 2012 – to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Resp.'s Mot. at 4:6-9.

4

would issue. In short, absent relation back of Claim 4, all claims, including Claims 5 and 6, would have to be dismissed.

The Supreme Court has held that in order to relate back, "the original and amended petitions [must] state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). The Court reasoned that "Congress provided that a habeas petition may be amended . . . as provided in the rules of procedure applicable to civil actions." *Id.* at 649 (citing 28 U.S.C. § 2242) (internal quotes omitted). The Federal Rules of Civil Procedure states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Hebner v. McGrath,* 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting *Mayle*, 545 U.S. at 650).

The Supreme Court addressed the relation back standard specifically for federal habeas petitions in *Mayle*. In *Mayle*, prisoner Felix brought a federal habeas petition with a Sixth Amendment objection to the admission of a witnesses' videotaped statement. *Mayle*, 545 U.S. at 650. Felix also had a Fifth Amendment claim regarding statements he made during pretrial police interrogations, but did not raise it in either the direct appeal of his conviction or his original habeas petition. *Id.* Five months after the AEDPA statute of limitation ran for Felix, he amended his petition to add the Fifth Amendment claim. *Id.* at 652. Felix argued that the claim related back to the original petition because "both [claims] . . . challenged the constitutionality of the same criminal conviction." *Id.* However, the Court rejected this argument. Simply because the claims concerned the trial was insufficient; Felix's pre-trial statement claims did not relate back to his videotaped witness statements since the two incidences "were separated in time." *Id.* The Court observed "Congress enacted AEDPA to advance the finality of criminal convictions[;] . . . [i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

In *Hebner*, the Ninth Circuit applied the *Mayle* standard to a habeas petition. The court held that the prisoner's amended claims regarding improper jury instructions violating his due process rights did not relate back to his original claim regarding the admission of a witness testimony violating his due process rights because the two events were "separated in time and type." *Hebner*, 543 F.3d at 1138 (internal quotations omitted). The Court explained that "the first claim focus[ed] on the admission of evidence . . . [while] the later claim [focused] on the instructions given to the jury, suggesting that they were separate occurrences." *Id.* at 1139.

B.  Petitioner Fails to Establish a Core of Operative Facts Between Claim 4 and the Original Claims 1-3

While not clearly articulated, Petitioner seems to argue that all his amended claims (including Claim 4) relate back to the original claims because they "generally deal with the same subject matter, the denial of due process."[5] Petitioner's Reply, Docket No. 22 at 4:25-26. However, a general assertion of "due process" is insufficient to be an "operative fact" which ties claims together. *See Hebner*, 543 F.3d at 1138 (where petitioner's amended claims of improper jury instructions by the trial court did not relate back to Petitioner's claim regarding the improper admission of witness testimony even though both claims alleged violations of due process*); see also Wyatt v. Mcdonald*, CIV S-09-2122 KJM, 2011 WL 6100611, at \*\*1 and 5 (E.D. Cal. Dec. 7, 2011) (where prisoner's assertion that he was "denied due process at all stages of the subject prosecution" failed to relate amended claims of ineffective counsel, racial discrimination during jury selection process, unreasonable search and seizure, and police misconduct back to prisoner's original claim regarding jury instructions); *see also Schwartz v. Ryan,* CV-09-200-TUC-DCB, 2010 WL 3244916 (D. Ariz. Apr. 28, 2010) report and recommendation adopted, CV 09-200-TUC-DCB, 2010 WL 3239125 (D. Ariz. Aug. 16, 2010) aff'd, 455 F. App'x 736 (9th Cir. 2011) (rejecting prisoner's argument "that proposed Claim 7 relates back to his original petition because Claim 7 and all of the

---

[5] Petitioner seems to assert two additional relation back arguments. The first argument is that his claim of defense counsel being ineffective for failure to conduct a reasonable investigation "shares a common core of operative facts" with the original petition. Petitioner's Mot. at 4:4-7. The second argument is that "the admission of the priors intertwines with competency to stand trial." *Id.* at 4:9-10. However, both claims are original claims and relation back arguments were not necessary.

claims in the original petition arise out of the unfairness of his trial"). Here, Petitioner's sole argument for linking his various claims together is through the conclusory statement of "due process" without providing any further explanations as to how his amended claims relate back to his original argument. This argument is insufficient for relation back. He fails to demonstrate the amended claims and the original claims are tied to a "common core of operative facts." *Mayle*, 545 U.S. at 657.

More specifically, Petitioner's sole exhausted claim – that his due process rights were violated because there was insufficient evidence of the fear element to support his conviction – does not relate back to his original claims. In order to relate back, Claim 4 would need to share a common core of operative facts with one of his three original claims: (1) that he was not mentally competent at the time of arrest or during trial; (2) that he received ineffective assistance of counsel in that his counsel failed to conduct reasonable discovery or pretrial investigation; or (3) that his sentence was illegally enhanced based on prior convictions for a non-violent offense that occurred when he was a minor. There is no discernible connection between Petitioner's fourth claim to either the first or third original claim.

While there is arguably some connection between Petitioner's fourth claim and the original ineffective assistance of counsel claim (Claim 2), (because, *e.g.*, counsel's ineffectiveness in pretrial investigation may have led to the lack of evidence at trial negating fear), these two claims arise out of distinct actions taken by different actors at different points in time: *counsel's* failure to secure exculpatory evidence on this element before trial on the one hand, and the actions of the *court and jury* at trial leading to a conviction based on insufficient evidence on the other. The core of operative facts supporting each of these two claims are distinct as is the nature of the claims. *See Mayle*, 545 U.S. at 650 ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Indeed, courts generally have declined to find that a newly added claim related back when the original claim involved similar issues but was based on actions taken by different people. For example, the First Circuit held in *United States v. Ciampi*, that the petitioner's claim for ineffective

7

assistance of counsel based on his counsel's failure to explain the consequences of his plea agreement did not relate back to his original claim regarding the court's failure to explain the plea agreement. 419 F.3d 20, 23-24 (1st Cir. 2005). Though both claims concerned the petitioner's understanding of the effects of the plea deal, the court found no relation back because the original claim "restricts its focus to whether the *district court* failed to make an adequate inquiry at the plea hearing" as to petitioner's understanding, and made "no mention of Ciampi's attorney." *Id.* at 24 (emphasis in original); *see also Gonzales v. Baca*, C 02-2279 JSW, 2007 WL 1174698, at *8 (N.D. Cal. Apr. 19, 2007) (petitioner's amended claim for ineffective counsel's failure to investigate evidence pertaining to his mental competency did not relate back to his original claim that the trial court improperly admitted evidence regarding his pre-trial mental competency examinations since the new claim focused not only focused on "defense counsel's conduct at the time of the trial, but also on pre-trial investigation."); *see also Lopez v. Runnels,* CIVS-03-0543 JAMDADP, 2008 WL 2383952 (E.D. Cal. June 9, 2008) *report and recommendation adopted,* CIVS030543JAMDADP, 2008 WL 3200856 (E.D. Cal. Aug. 7, 2008) *aff'd,* 495 F. App'x 855, at *18-19 (9th Cir. 2012) (petitioner's amended claim of ineffective counsel's failure to interview witnesses who could corroborate his claim of innocence did not relate back to petitioner's original claim of insufficient evidence to convict him since the original claim "stem[med] from the sufficiency of the evidence introduced at trial" while his amended claim "stem[med] from other distinct aspects of his trial and pre-trial proceedings.").

Here, the facts underlying Petitioner's fourth claim to differ in "time and type" from the facts underlying Petitioner's second claim. Petitioner's fourth amended claim pertains to the legal sufficiency of the evidence introduced at trial while Petitioner's original claim regarding his ineffective counsel's failure to conduct reasonable discovery pertains to the actions of his counsel during pre-trial investigations. Therefore, Petitioner's sole exhausted claim does not relate back to any of the claims in the original petition.

Since Petitioner's sole exhausted claim fails to relate back to his original claims, and thus, must be dismissed as untimely, Petitioner does not have a "mixed petition." All remaining claims are unexhausted. Given that the stay and abeyance procedure presupposes that a federal habeas

8

petition contains both exhausted and unexhausted claims, Petitioner is not qualified for the stay and abeyance procedure.[6] His entire petition must therefore be dismissed.

C. <u>Equitable Tolling is Unavailable to Petitioner</u>

Petitioner argues that even though his amended claims were untimely, he should nonetheless be permitted to proceed because he is entitled to equitable tolling of the statute of limitations. To receive equitable tolling, Petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotes omitted); *see also Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir.2010). These extraordinary circumstances must also be "the cause of his untimeliness . . . and . . . ma[d]e it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997.

Petitioner argues that the untimely filing of his amended claims was due to a prison lock down from October 28, 2012 until December 12, 2012, which prevented him from "utiliz[ing] the law library to research and prepare." *See* Docket No. 13 at 1, *see also* Docket No. 22 at 4. While a "complete lack of access to a legal file may constitute an extraordinary circumstance[,]" *Ramirez*, 571 F.3d at 998, the doctrine of equitable tolling is nevertheless unavailable to Petitioner because the entire period for which he seeks tolling falls outside of the statute of limitations. Further, Petitioner fails to explain why Claims 4 through 6 were not raised in his initial timely-filed petition on July 3, 2012. Regarding Petitioner's due process claim (*i.e.* his single exhausted claim), Petitioner was explicitly advised by his appellate counsel to raise the claim in his federal petition. *See* Docket No. 15 at 18 (in a letter from Petitioner's appellate counsel, counsel advised Petitioner that "[t]he only aspects of the petition for review which presented a federal constitutional violation was [the claim] that there was a violation of the Due Process clause because there is insufficient evidence of a reasonable fear."). Petitioner thus was not unaware of his exhausted claim or the fact

---

[6] Respondent additionally argues that even were there a common core of operative facts, Petitioner's attempt to add new claims would still fail because it is not possible to relate back to an original petition containing only unexhausted claims, citing *King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009). Resp.'s Mot. At 4. It is not entirely clear whether *King* would apply here, as it is arguably distinguishable because the court in *King* dismissed the unexhausted claims after the petitioner refused to comply with the trial court's order directing him to elect how to proceed with his mixed petition. *King*, 564 F.3d at 1135. In any case, the Court need not reach this issue, as it is dismissing Petitioner's claims on other grounds.

that he should have included it in his original petition. Additionally, there is evidence in the record that Petitioner was aware of the circumstances giving rise to amended Claims 5 and 6 prior to filing his original petition. Petitioner had previously raised these issues with his appellate counsel during state proceedings; thus, it is evident that Petitioner was aware of the circumstances regarding the amended claims prior to the filing of his original petition. *See* Docket No. 25 at 5:16-25. Nevertheless, Petitioner failed to include these claims at the initial outset of this proceeding. He has thus failed to demonstrate he pursued his rights diligently. Equitable tolling is unavailable to Petitioner.

Petitioner cites *Herbst v. Cook* in support of equitable tolling; however, *Herbst* is distinguishable from the case at hand. In *Herbst*, petitioner Herbst filed a habeas petition but the district court *sua sponte* raised the statute of limitations and denied his claim on the grounds that it was time-barred. *Herbst v. Cook*, 260 F.3d 1039, 1041 (9th Cir. 2001). The Ninth Circuit reversed the district court's dismissal of petitioner's petition on statute of limitations grounds. *Id.* at 1043. It reasoned that while "the district court ha[d] the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond."[7] *Id.* Here, unlike *Herbst*, Petitioner has been notified that Respondent has raised the statute of limitations defense, and Petitioner has been afforded the opportunity to respond to these allegations. Therefore, *Herbst* is distinguishable and not applicable to Petitioner's case.

Thus, this Court denies Petitioner's request to amend his new claims under the doctrine of equitable tolling. The new claims (including Claim 4) are based on facts that were known to Petitioner at the time when his original petition was filed. Petitioner has failed to explain why he did not include his amended claims in his original petition.

---

[7] Also notable, the *Herbst* court also did not reach the merits of petitioner's equitable tolling argument, finding that the record before it was not adequate to reach the question. *Herbst*, 260 F.3d at 1044.

D. <u>Respondent Did Not Waive His Statute of Limitations Defense</u>

Petitioner additionally argues that he should be permitted to proceed because Respondent waived any statute of limitations defense by failing to raise it at earlier point in these proceedings. This Court finds, however, that Respondent did not waive his statute of limitations defense when he failed to respond or oppose to Petitioner's irregular request for amendments through a response to a motion to dismiss and through a traverse. "Under the Federal Rules of Civil Procedure, a party . . . is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Despite this, a state only forfeits its statute of limitations defense if it intentionally waived this defense. *Day v. McDonough*, 547 U.S. 198, 202 (2006). In *Day*, a state's miscalculation of the AEDPA statute of limitations leading to their failure to raise the statute of limitations in the responsive pleading did not constitute an "intelligent waiver on the [s]tate's part." *Id.* *Day* held that the state did not forfeit the statute of limitations defense because there was no evidence that the state "strategically withheld the defense or chose to relinquish it[,] . . . [rather,] it was merely an inadvertent error." *Id.* at 211.

Petitioner argues that Respondent has waived his statute of limitations defense when he failed to reply or oppose Petitioner's amendments. *See* Pet.'s Reply at 3:4-5; *see also* Resp.'s Response at 2:12-14. However, there is no evidence that Respondent deliberately waived this defense. Up until this Court's order on February 4, 2013, it was unclear whether the amendments Petitioner requested through his opposition and traverse were valid. When the Court granted Petitioner's request for amendment, it acknowledged the irregularity of these pleadings. Order at 2 and n.2 at 3. Importantly, this Court stated that in the face of the irregularity wherein, *e.g.*, the traverse added new claims prematurely and before Respondent's answer was filed, "Respondent will have the opportunity to respond to the claims when he files his answer." *Id.* at 3 n.2. Petitioner then filed the instant motion for stay and abeyance. Respondent's first opportunity to raise the statute of limitations defense came with its opposition to Petitioner's motion. Having raised the defense at the first opportunity afforded by the Court, the defense was timely asserted and not waived.

### E. Petitioner is Not Qualified for the Stay and Abeyance Procedure

As established in *Rhines v. Weber*, the Supreme Court approved of the stay and abeyance procedure for petitioners when there is a "mixed" federal habeas petition – *i.e.* one containing both exhausted and unexhausted claims. 544 U.S. 269, 275 (2005). Once a federal court has determined that a petitioner's habeas petition contains only unexhausted claims, the petition should be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *see also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust."); *see also Brown v. Dexter*, CV 08-01119-SGL VBK, 2008 WL 4384181, at *4 (C.D. Cal. Aug. 21, 2008) ("When the petition at issue is not mixed, but fully unexhausted, the stay and abeyance procedure . . . does not apply."); *see also Prado v. Woodford*, CVF051316AWISMSHC, 2006 WL 306908, at * 3 (E.D. Cal. Feb. 8, 2006) ("The [c]ourt declines to extend the grant of a protective stay and abeyance to a case such as this where the petition contains only unexhausted claims.").

Here, as held above, Petitioner's sole exhausted claim is dismissed because it is time-barred. Without his sole exhausted claim, Petitioner's petition contains only unexhausted claims. Therefore, he is not eligible for the stay and abeyance procedure, and Petitioner's motion is denied.

Petitioner requests, in the alternative, that he be permitted to use the *Kelly* procedure instead of having his petition dismissed outright. *See* Petitioner's Mot. at 4-5. In *Kelly*, the court reaffirmed a three-step procedure for mixed petitions which allows a petitioner to amend his petition by: (1) "delet[ing] unexhausted claims, (2) seek[ing] a stay of the fully exhausted petition, and then (3) amend[ing] his petition to include the deleted claims once they have been fully exhausted in the state courts." *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2002). However, the *Kelly* procedure is premised on the assumption that a petitioner has a mixed petition. It is not available where, as here, the petition is not mixed. *See Brown*, 2008 WL 4384181, at * 4 (discussing how the *Kelly* procedure, similar to the stay and abeyance procedure, only applies to mixed petitions).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's motion to request for stay and abeyance. This Court also **GRANTS** Respondent's motion to dismiss Petitioner's original and amended claims. The Clerk of the Court is directed to close the file in this case and enter judgment.

This order disposes of Docket Nos. 18, 19 and 21.

IT IS SO ORDERED.

Dated: July 31, 2013

_____
EDWARD M. CHEN
United States District Judge